# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### DEL RIO DIVISION

UNITED STATES OF AMERICA

    v.

(1) RAMIRO HELIBERTO CUENCA-CAMPOS

    Defendant

Case Number:  DR:20-CR-01104(1)-AM
USM Number: 45256-480

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, (1) RAMIRO HELIBERTO CUENCA-CAMPOS, was represented by Joseph Anthony Cordova.

The defendant was found guilty on Count One of the Indictment at a Bench Trial on July 27, 2021 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) & (b)(2) | Possession of Child Pornography | January 21, 2020 | One |

As pronounced on March 15, 2023, the defendant is sentenced as provided in pages 2 through 6 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this 29th day of March, 2023.

 

_____
ALIA MOSES
CHIEF UNITED STATES DISTRICT JUDGE

Arresting Agency: HSI-Del Rio

DEFENDANT:        (1) RAMIRO HELIBERTO CUENCA-CAMPOS
CASE NUMBER:     DR:20-CR-01104(1)-AM

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **Eighty-Four (84) months** with credit for time served since March 10, 2020, pursuant to 18 U.S.C. 3584(a).

The Court makes the following recommendation to the Bureau of Prisons:

That the defendant be incarcerated in a federal facility as close to Queens, New York, as possible.

The defendant shall remain in custody pending service of sentence.

**RETURN**

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment

United States Marshal

By: _____
Deputy Marshal

AO245B (Rev. TXW 11/16) Judgment in a Criminal Case                                    Judgment -- Page 3 of 9

DEFENDANT:        (1) RAMIRO HELIBERTO CUENCA-CAMPOS
CASE NUMBER:      DR:20-CR-01104(1)-AM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5)** years.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court. The following special conditions shall apply only if the defendant physically remains in the United States.

__X__    The defendant shall undergo a psychosexual evaluation with the understanding that if further sex offender specific treatment is recommended, he shall participate in a sex offender treatment program operated by a Licensed Sex Offender Treatment Provider and/or other sex offender treatment program until successfully discharged. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph examinations, the costs of the program based on the defendant's ability to pay.

__X__    The defendant shall not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage device or media without the prior permission of the Court.

__X__    The defendant shall not access the internet except for reasons approved in advance by the Court.

__X__    The defendant shall not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, not including his own children, without the prior permission of the Court. If the defendant has any direct contact with any child the defendant knows or reasonably should know to be under the age of 18, not including his own children, without the prior permission of the Court, the defendant must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

__X__    The defendant shall reside in a residence approved, in advance, by the Court. Any changes in the residence must be pre-approved by the Court.

__X__    The defendant shall not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256)

__X__    The defendant shall submit his computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search by the probation office. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition in the normal course of their supervision duties. Any search will be conducted at a reasonable time and in a reasonable manner.

__X__    The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. §1030(e)(1)) the defendant uses.

AO245B (Rev. TXW 11/16) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 9

DEFENDANT:          (1) RAMIRO HELIBERTO CUENCA-CAMPOS
CASE NUMBER:        DR:20-CR-01104(1)-AM

  X      To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. §1030(e)(1)) subject to computer monitoring program. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

DEFENDANT:         (1) RAMIRO HELIBERTO CUENCA-CAMPOS
CASE NUMBER:   DR:20-CR-01104(1)-AM

## MANDATORY CONDITIONS

1. The defendant shall not commit another federal, state or local crime during the term of supervision.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.
4. The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).
5. If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et. seq*.) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.
6. If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.
7. If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
8. The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. The defendant shall notify the court of any material change in defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO245B (Rev. TXW 11/16) Judgment in a Criminal Case                                                                 Judgment -- Page 6 of 9

DEFENDANT:          (1) RAMIRO HELIBERTO CUENCA-CAMPOS
CASE NUMBER:        DR:20-CR-01104(1)-AM

## STANDARD CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the Court or probation officer instructs the defendant to report to a different probation office or within a different time frame. The defendant shall not leave the judiial district without permission of the court or probation officer.
2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation Officer.
3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court.
4. The defendant shall answer truthfully the questions asked by the probation officer.
5. The defendant shall live at a place approved by the probation officer.  If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.
7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so.  If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless excused from doing so.  If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the Court.
9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.
10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the Court may require the defendant to notify the person about the risk and the defendant shall comply with that instruction.  The probation officer may contact the person and confirm that the defendant has notified the person about the risk.
13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.
14. If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.
15. If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is the condition of supervision that the defendant shall provide the probation officer access to any requested financial information.
16. If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.
17. If the defendant is excluded, deported, or removed upon release on probation or supervised release. the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office, or as ordered by the Court.

DEFENDANT:         (1) RAMIRO HELIBERTO CUENCA-CAMPOS
CASE NUMBER:       DR:20-CR-01104(1)-AM

## CRIMINAL MONETARY PENALTIES / SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, Attn: Mail Log, 111 E. Broadway Ste. 100, Del Rio, Texas 78840, or online by Debit (credit cards not accepted) or ACH payment (direct from Checking or Savings Account) through pay.gov (link accessible on the landing page of the U.S.District Court's Website). **Your mail-in or online payment must include your case number in the exact format of DTXW220CR001104-001 to ensure proper application to your criminal monetary penalty.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine   | Restitution  | AVAA Assessment * | JVTA Assessment ** |
|--------|------------|--------|--------------|-------------------|--------------------|
| TOTAL: | $100.00    | $0.00  | $18,000.00   | $0.00             | $0.00              |

### Special Assessment
It is ordered that the defendant shall pay to the United States a special assessment of $100.00. The debt is incurred immediately.

### Fine
The fine is waived because of the defendant's inability to pay.

### Restitution
The defendant shall pay restitution in the amount of $18,00.00 through the Clerk, U.S. Court, for distribution to the payee(s). Payment of this sum shall begin immediately. No further payment shall be required after the sum of the amounts actually paid by the defendant Ramiro Heliberto Cuenca-Campos (01) has fully covered all the compensable injuries.
The Court directs the United States Probation office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Goverment Act or 2002" to the District Clerk within ten (10) days after the criminal judgment has been entered.

| Victim | Amount of Restitution |
|---|---|
| Carol L. Hepburn<br>in trust for "Violet" Series<br>P.O. Box 17718<br>Seattle, WA 98127 | $10,000.00 |
| Sherri Jackson<br>in trust for "Tara" Series<br>P.O. Box 1890<br>Lafayette, GA 30728 | $3,000.00 |
| Deborah A. Bianco,<br>in trust for "Pia"<br>14535 Bellevue-Redmond Rd. Suite 201<br>Bellevue, WA 98007 | $5,000.00 |

AO245B (Rev. TXW 11/16) Judgment in a Criminal Case                                                                              Judgment -- Page 8 of 9

DEFENDANT:        (1) RAMIRO HELIBERTO CUENCA-CAMPOS
CASE NUMBER:      DR:20-CR-01104(1)-AM

## Schedule of Payments

Payment shall be made at the rate of no less than $325.00 per month to be proportionately split amongst the three victims, due by the third day of each month beginning no earlier than 60 days after release from imprisonment. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the U.S. Attorney. The defendant shall cooperate fully with the U.S. Attorney and the U.S. Probation Office to make payment in full as soon as possible.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.
  *  Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
  **Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22

AO245B (Rev. TXW 11/16) Judgment in a Criminal Case                                                                 Judgment -- Page 9 of 9

DEFENDANT:         (1) RAMIRO HELIBERTO CUENCA-CAMPOS
CASE NUMBER:    DR:20-CR-01104(1)-AM

## Forfeiture

The Court orders all rights, title, and interest in the following be forfeited to the United States.

- A Samsung SM-A505G_DS, Serial Number R28M32SDKFP Phone.